Crosby S. Connolly, Esq. (SBN: 286650)
crosby@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:        (619) 233-7770
Office Fax Number:    (619) 297-1022

Attorneys for Lisa Tedesco

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lisa Tedesco<br><br>Plaintiff,<br><br>v.<br><br>CountryWide Debt Relief LLC LLC<br><br>Defendant. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The plaintiff, Lisa Tedesco, through her attorneys, brings this action to challenge the actions of the defendant, CountryWide Debt Relief LLC, with regard to attempts by CountryWide to unlawfully and abusively collect a debt alleged to be owed by Ms. Tedesco, and this conduct caused Ms. Tedesco damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

2. Ms. Tedesco makes these allegations on information and belief, with the exception of those allegations that pertain directly to Ms. Tedesco, which Ms. Tedesco alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the FDCPA and California's Rosenthal Act in their entirety.

4. Unless otherwise stated all the conduct engaged in by CountryWide took place in California.

5. Any violations of the FDCPA or Rosenthal Act by CountryWide were knowing, willful, and intentional, and CountryWide did not maintain procedures reasonably adapted to avoid any such violation of the law.

6. All violations alleged are material violations of the FDCPA and California's Rosenthal Act as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt and resolve any legal action as a consequence of CountryWide's actions.

7. Through this complaint, Ms. Tedesco does not allege that any state court judgment was entered against Ms. Tedesco in error, and Ms. Tedesco does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of CountryWide's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Because CountryWide does business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, CountryWide conducted business within the State of California.

**PARTIES**

13. The plaintiff, Ms. Tedesco is a natural person who resides in the City of Alta Loma, State of California.

14. The defendant, CountryWide, is located in the City of Santa Ana, in the State of California.

15. Ms. Tedesco is a natural person allegedly obligated to pay a debt to Capital One Bank, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

16. CountryWide is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Ms. Tedesco is a natural person from whom CountryWide sought to collect a consumer debt, which is alleged to be due and owing from Ms. Tedesco, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

18. CountryWide collects consumer debts by soliciting money from consumers and then arranging to pay a portion of that money to the consumer's creditors wherein the creditor accepts a lesser amount than is actually owed, a process that is, at its very essence, debt collection.

19. As part of CountryWide's business model, CountryWide tells consumers to refrain paying their debts.

20. Part of CountryWide's business model is to convince creditors that the creditor will not be paid unless the creditor accepts a lesser amount as arranged by CountryWide and the creditor.

21. CountryWide's business model usually causes the credit rating of consumers to be lowered.
22. CountryWide's business model often causes consumers to be sued by the creditor, a representative of the creditor, or a person who purchases the alleged debt from the creditor, colloquially, a "debt buyer."
23. CountryWide's business model usually causes creditors to be paid less than the creditor is entitled to be paid under the law because CountryWide encourages consumers to stop paying their bills, and CountryWide thereafter applies pressure to creditors to settle for less than is actually owed.
24. CountryWide's activities contribute to the number of personal bankruptcies, to marital instability, and to the loss of jobs in America.
25. CountryWide charges a flat fee of 18% of the debt for its "services."
26. The 18% that CountryWide charges goes to CountryWide as a profit.
27. CountryWide advertises that it engages in credit counseling for a fee as well.
28. All fees charged by CountryWide goes to CountryWide as its profits.
29. One of the services that CountryWide provides consumers is that it assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors.
30. CountryWide advertises that it assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors for a fee.
31. CountryWide, in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).
32. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer

credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

33. Sometime before December 29, 2016, Ms. Tedesco is alleged to have incurred certain financial obligations to Capital One Bank.

34. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

35. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

36. Sometime thereafter, but before December 29, 2016, Ms. Tedesco allegedly fell behind in the payments allegedly owed on the alleged debt.

37. As it is irrelevant to this action, Ms. Tedesco takes no position as to the validity of this alleged debt.

38. Subsequently, but before December 29, 2016, CountryWide began the process of attempting to collect this alleged debt for the purpose of benefiting CountryWide, and the creditor, Capital One Bank.

39. On or about December 29, 2016, CountryWide mailed a letter to Ms. Tedesco. A few days later, Ms. Tedesco received that letter.

40. This communication to Ms. Tedesco was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

41. This communication to Ms. Tedesco was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

42. CountryWide failed within five days after its initial communication with Ms. Tedesco, to provide written notification containing a statement that unless Ms. Tedesco, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, CountryWide would assume the debt was valid, and also failed within five days after CountryWide's initial communication with Ms. Tedesco to provide a written notice containing a statement that if Ms. Tedesco notified CountryWide in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, CountryWide would obtain verification of the debt or a copy of a judgment against Ms. Tedesco and a copy of such verification or judgment would be mailed to Ms. Tedesco by CountryWide and that CountryWide would provide Ms. Tedesco with the name and address of the original creditor. This omission by CountryWide violated 15 U.S.C. § 1692g.

43. Because this omission violated the language in 15 U.S.C. § 1692g, CountryWide also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692g.

44. CountryWide, a third party debt collector pursuant to the FDCPA, failed in the first written notice initially addressed to Ms. Tedesco's California address in connection with collecting the alleged debt by CountryWide, pursuant to Cal. Civ. Code § 1812.700, and in the manner prescribed by Cal. Civ. Code § 1812.700(b) and Cal. Civ. Code § 1812.701(b), to provide a notice to Ms. Tedesco as prescribed in Cal. Civ. Code § 1812.700(a). Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by CountryWide violated California's Rosenthal Act.

45. CountryWide, as a business practice, never sends consumers a notice under 15 U.S.C. § 1692g.

46. CountryWide, as a business practice, never sends consumers a notice required by Cal. Civ. Code § 1812.700(a).

47. In this letter, CountryWide stated to Ms. Tedesco "Remember, we work for you to resolve and settle your debt problems and have time sensitive matters relating to your creditors to discuss with you."

48. In reality, CountryWide has never worked for Ms. Tedesco, and this communication by CountryWide was a false, deceptive, and misleading representations and means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e and § 1692e(11), as well as Cal. Civ. Code § 1788.17 as the California's Rosenthal Act incorporates 15 U.S.C. § 1692e and § 1692e(11).

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

49. Ms. Tedesco repeats, re-alleges, and incorporates by reference, all other paragraphs.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

51. As a result of each and every violation of the FDCPA, Ms. Tedesco is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from CountryWide.

### COUNT II

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)**
**CAL. CIV. CODE §§ 1788-1788.32**

52. Ms. Tedesco repeats, re-alleges, and incorporates by reference, all other paragraphs.

53. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

54. As a result of each and every violation of the Rosenthal Act, Ms. Tedesco is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from CountryWide.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Tedesco prays that judgment be entered against CountryWide, and Ms. Tedesco be awarded damages from CountryWide, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

55. Pursuant to the seventh amendment to the Constitution of the United States of America, Ms. Tedesco is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: _____

By:_____
Crosby S. Connolly
Attorneys for Ms. Tedesco